Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Gary Allan Reed,<br><br>   Plaintiff,<br>v.<br><br>Takhar Brothers, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Gary Allan Reed ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Takhar Brothers, Inc. ("Takhar Brothers") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Arco AMPM located at 313 W Main Street in Woodland, California. ("Arco AMPM").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Takhar Brothers is a California corporation with its principal address in Woodland, California. At all times relevant to this complaint, Takhar Brothers owned, managed, operated, and/or was otherwise responsible for Arco AMPM.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Arco AMPM is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled. Plaintiff suffers from severe panic attacks as well as post-traumatic stress disorder (PTSD).

7. Plaintiff's severe panic attacks and PTSD can create situations where Plaintiff is unable to function in public. For instance, during one recent panic attack, Plaintiff had to leave work and go to the emergency room for treatment.

8. Plaintiff utilizes a service animal to help cope with the symptoms of his disabilities.

9. Plaintiff's service dog is specifically trained to detect the signs of Plaintiff's PTSD and panic attacks and is trained to calm Plaintiff through distraction techniques.

10. On June 21, 2023, Plaintiff personally visited the Arco AM PM located at 313 W Main Street in Woodland, California. Plaintiff visited the Arco AM PM with his wife and service dog to purchase a Gatorade.

11. Upon entering the Arco AM PM, Plaintiff was accosted by one of Defendant's employees. The employee told Plaintiff that his dog was not allowed in the store. Despite Plaintiff's diligent attempts to educate Defendant's employee regarding his rights as a disabled person, Defendant's employee escalated the situation further and called the police. The employee further stated that it was Defendant's right to refuse

service to anyone.

12. Facing relentless discrimination from Defendant's employee, Plaintiff and his wife elected to leave the Arco AM PM before the situation got any more out of hand.

13. Plaintiff was astonished and embarrassed at the blatant discrimination he had just encountered. He experienced considerable discomfort as result of Defendant's employee's conduct.

14. Defendant's Arco AM PM is a very convenient location for Plaintiff to shop for sundries, as it is located across the street from where Plaintiff lives.

15. Plaintiff would like to return to Defendant's business once Defendant ceases its illegal discriminatory treatment of disabled persons utilizing service dogs.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

16. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

17. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

18. The Arco AMPM is a public accommodation.

19. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

20. Takhar Brothers has a policy that restricts and denies access to persons like Plaintiff.

21. Takhar Brothers's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

22. As a result of Takhar Brothers's conduct, denying Plaintiff equal access to the Arco AMPM, Plaintiff faces continuing discrimination. Plaintiff continues to suffer

denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Arco AMPM.

23. It is readily achievable for Takhar Brothers to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Arco AMPM.

24. Takhar Brothers does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

25. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Arco AMPM, in light of Takhar Brothers's conduct.

26. Takhar Brothers's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

27. Plaintiff seeks injunctive relief as to Takhar Brothers's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

28. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

29. Takhar Brothers intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Arco AMPM.

30. Arco AMPM is a business establishment.

31. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

32. Takhar Brothers's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

33. Plaintiff was harmed.

34. Takhar Brothers's conduct was a substantial factor in causing Plaintiff's harm.

35. Takhar Brothers's conduct violated the ADA.

36. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

37. Plaintiff also seeks to enjoin Takhar Brothers from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Takhar Brothers from engaging in unlawful discrimination against disabled persons with service animals when visiting the Arco AMPM, including, specifically, enjoining its policy of denying access to persons with service animals to the Arco AMPM without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled persons; in addition injunctive relief compelling Takhar Brothers to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: July 24, 2023

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff